```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
|  | : |
| v. | : Criminal No. DKC 10-0249 |
|  | : |
| RICO TOLIVER | : |
|  | : |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are (1) a motion filed by the Government to dismiss count three of the indictment without prejudice (ECF No. 371), and (2) a motion filed by Defendant Rico Toliver to dismiss that count with prejudice due to a speedy trial violation (ECF No. 372). For the following reasons, count three will be dismissed without prejudice.

On May 1, 2010, Defendant was charged by a sealed criminal complaint with conspiracy to distribute controlled substances. He had an initial appearance on May 3 and counsel was appointed on the same date. An indictment, filed May 12, 2010, charged him with conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, cocaine, and PCP between October 2009 and May 2010. A superseding indictment returned the following month added additional co-conspirators. After pretrial proceedings, the case was eventually set for trial to begin May 17, 2011. Just before the start of trial,

the Government advised that it had received evidence that Defendant made threats aimed at preventing a witness from testifying.  At a telephone conference, the trial was postponed to August 23, 2011, while the parties briefed and the court resolved issues relating to the alleged threats.

The Government recited the setting for the relevant issues as follows:

>  Beginning in February 2010 and continuing through May 2010, in court-authorized wiretaps the defendant was intercepted arranging and conducting cocaine and phencyclidine transactions over telephones belonging to Toliver and other coconspirators.  On May 11, 2011, more than one year after Toliver was arrested on a complaint leading to the indictment in the pending trial, a cooperator came forward with information that Toliver was threatening to harm the family of a co-defendant that the [G]overnment had disclosed would be testifying against Toliver.  Specifically, the [G]overnment had notified Toliver[,] and his counsel, that the co-defendant would, in addition to identifying Toliver's voice, explain the partially coded intercepted conversations in which the co-defendant and Toliver conducted a series of drug transactions.
>
>  The cooperator agreed to attempt to document a reprise of Toliver's previously expressed threats.  Toliver had been and continued to remain in the same section of the Correctional Treatment Facility (CTF) in Washington, D.C., with the cooperator.  On May 14, 2011, the cooperator was given a recording device and very specific instructions on its use, specifically, that he only attempt to record statements relating to threats against the cooperating

> witness or witness tampering.  Later that same day, the cooperator had a recorded conversation with Toliver, during which Toliver repeated and even expanded upon his earlier threats against the Government's witness and elaborated on how he had told the witness to testify untruthfully.

(ECF No. 231, at 2).  A second superseding indictment, filed August 10, 2011, added, *inter alia*, a charge of witness tampering against Defendant.

On August 12, 2011, the court ruled that the Sixth Amendment would not allow admission of the recorded evidence at a trial on the drug-related charges, although the evidence might be admissible at a separate trial as to the witness tampering charge.  After an unrecorded telephone conference, trial began on August 23, 2011, on counts one and two, and count three was severed for later trial.

Mr. Toliver was found guilty on the first two counts and sentencing was set for November 21, 2011.  Defense counsel was permitted to withdraw, new counsel was appointed, and the sentencing hearing was postponed.  Mr. Toliver was sentenced on counts one and two on May 10, 2012.  Thereafter, the court inquired of the Government as to the status of count three, prompting the filing of the pending motions.

The Government seeks to dismiss count three without prejudice, reasoning that as long as Defendant is under a sentence of life imprisonment on counts one and two, it will not

3

seek to try him on count three.  If, however, those convictions are vacated or remanded for resentencing, the Government might want to pursue the charge in count three.  The defense objects to any dismissal without prejudice and argues that there has already been a speedy trial violation, justifying dismissal with prejudice at this time.

Because the defendant was involved in a trial (including sentencing) on counts one and two for virtually the entire time the superseding indictment has been pending, there has been no speedy trial violation and the government may dismiss count three without prejudice.  Title 18 U.S.C. § 3161(h)(1)(B) provides that delay resulting from trial with respect to other charges against a defendant is excluded.  In *United States v. Shear*, 825 F.2d 783 (4th Cir. 1987), the court found that the entire time from arrest through sentencing on other charges constituted a "trial."  Because there has not, to date, been any speedy trial violation, the Government may dismiss count three without prejudice.

For the foregoing reasons, it is this 31st day of May, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1.   The Government's motion to dismiss count three without prejudice (ECF No. 371) BE, and the same hereby IS, GRANTED;

4

  2. Defendant's motion to dismiss count three with prejudice (ECF No. 372) BE, and the same hereby IS, DENIED;

  3. A judgment of conviction will be ENTERED; and

  4. The clerk will transmit copies of this Memorandum and the Judgment to counsel for the parties.

               _____/s/_____
               DEBORAH K. CHASANOW
               United States District Judge